IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

CHAD STEFANI, *
 *
    Plaintiff, *
 *
v. * CV 115-164
 *
CITY OF GROVETOWN, a municipality *
of the State of Georgia; GARY *
JONES, individually and in his *
official capacity; and JONES *
NALLEY, individually and in his *
official capacity, *
 *
    Defendants. *

**O R D E R**

In this case, Plaintiff alleged constitutional violations for malicious prosecution and unlawful search under 42 U.S.C. § 1983 against Defendants Gary Jones and Jones Nalley in their individual capacities and against Defendant City of Grovetown. On August 24, 2018, this Court granted in part Plaintiff's motion for partial summary judgment and denied in part Defendants' motion for summary judgment upon the finding and conclusion that no reasonable officer would have believed that a crime had been committed. Thus, this Court concluded that the officers did not have even arguable probable cause to arrest Plaintiff and denied qualified immunity

to the individual officers. The Court dismissed Plaintiff's state law claim of negligence but granted summary judgment as to liability on Plaintiff's state law claim of malicious prosecution against the City of Grovetown. The Court further directed that the case proceed to trial against the officers and Defendant City of Grovetown on the issue of damages.

On August 16, 2019, the Eleventh Circuit Court of Appeals reversed and remanded this decision. (See Stefani v. City of Grovetown, Case No. 18-13906 (11ᵗʰ Cir. Aug. 16, 2019), Doc. 101 ("Appeal Opinion").) The Court of Appeals determined that the officers had arguable probable cause to arrest Plaintiff and therefore are entitled to qualified immunity against Plaintiff's federal claims. The Court of Appeals therefore directed that this Court vacate its August 24, 2018 Order to the extent it granted partial summary judgment to Plaintiff on the individual-capacity claims and remanded for entry of judgment in the officers' favor. The Court of Appeals also directed that this Court vacate its August 24, 2018 Order to the extent that it granted summary judgment to Plaintiff as against the City of Grovetown on his § 1983 claims and the state law claim for malicious prosecution and remanded for further proceedings consistent with its opinion.

Upon the foregoing, **IT IS HEREBY ORDERED** that the mandate of the United States Court of Appeals for the Eleventh Circuit is made the judgment of this Court. In accordance therewith, the

Court hereby **VACATES** its Order of August 24, 2018 in its entirety. Further, and as directed by the Court of Appeals, the Court **GRANTS** summary judgment for Defendants Jones and Nalley in their individual capacities. The Clerk is directed to **ENTER JUDGMENT** in their favor.

In light of the Eleventh Circuit's opinion, the Court will now consider whether the City of Grovetown is entitled to summary judgment on Plaintiff's constitutional claims and the remaining state law claim.[1] As noted in the Order of August 24, 2018, "[a] municipality may be held liable for a single act or decision of a municipal official with final policymaking authority in the area of the act or decision." (Order of Aug. 24, 2018, Doc. 96, at 21 (quoting McMillan v. Johnson, 88 F.3d 1573, 1577 (11th Cir. 1996)). In this case, Defendants concede that Defendant Jones, the Chief of Police of the City of Grovetown's Department of Public Safety, had final policymaking authority over the arrest, detention and search of Plaintiff. Thus, the City of Grovetown is only liable to the extent that Defendant Jones is liable for any constitutional violation.[2]

---

[1] Defendant City of Grovetown previously moved for summary judgment on these claims. The Court need not reopen the case and will rule on the record before it.

[2] It is undisputed that Defendant Jones was not involved in the procurement and execution of the search warrant issued against Plaintiff; accordingly, the City of Grovetown cannot be held liable for any constitutional violation arising out of the search warrant.

To establish a § 1983 malicious prosecution claim, a plaintiff must prove two things: (1) the elements of the common law tort of malicious prosecution; and (2) a violation of his Fourth Amendment right to be free from unreasonable seizures. (Id. (citing Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11th Cir. 2004))). "As to the first prong, the constituent elements of the common law tort of malicious prosecution are: '(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused.'" (Id. (quoting Wood v. Kesler, 323 F.3d 872, 881 (11th Cir. 2003))). As to the second prong, it is well established that an arrest without probable cause is an unreasonable seizure that violates the Fourth Amendment. (Id. (citing Brown v. City of Huntsville, Ala., 608 F.3d 724, 734 (11th Cir. 2010))). Consequently, the existence of probable cause negates both prongs and defeats a § 1983 malicious prosecution claim.[3] Id.

For probable cause to exist, an arrest must be objectively reasonable based on the totality of the circumstances. Wood, 323 F.3d at 882. Probable cause to arrest exists where the facts and

---

The City of Grovetown is therefore entitled to summary judgment on Plaintiff's § 1983 claim of unlawful search.

[3] Of course, the existence of probable cause will also defeat Plaintiff's state law claim of malicious prosecution.

4

circumstances within the police officer's knowledge "warrant a reasonable belief that the suspect had committed or was committing a crime." Case v. Eslinger, 555 F.3d 1317, 1327 (11th Cir. 2009) (quoted source omitted). "Probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." Atterbury v. City of Miami Police Dep't, 322 F. App'x 724, 727 (11th Cir. 2009) (quoted source omitted). "Thus, an officer must have something more than mere suspicion but he may have less than convincing proof." Id. (cited source omitted).

While the Eleventh Circuit couched its opinion in terms of *arguable* probable cause, it clearly indicated without so holding that *actual* probable cause existed to obtain the arrest warrant against Plaintiff. The Court of Appeals first pointed out that a neutral magistrate issued the arrest warrants. (Appeal Opinion at 13-14.) It also pointed out that the district attorney's office had advised pre-arrest that the suspect could be charged with criminal attempt to commit child molestation. (Id. at 16.) Finally, when it came to an analysis of whether the facts and circumstances warranted a reasonable belief that Plaintiff had committed the charged crime, the Court of Appeals recognized that the key issue is the suspect's intent, "that is, in offering Lucas $200 per hour to spend time alone with her three daughters, did the man have intentions that were innocuous or lascivious?" (Id.

5

at 14.) On this point, the Court of Appeals held that "a reasonable officer could have concluded that there was probable cause to believe that the suspect intended to commit an 'immoral or indecent act' to or in the presence of Lucas's daughters 'with the intent to arouse or satisfy the sexual desires of either the child or the person.'" (Id. at 15 (quoted source omitted).) Taken these findings as a whole, and in consideration of the facts and circumstances upon which Defendant Jones sought the warrant, this Court concludes that Defendant Jones had probable cause to seek the arrest warrant for Plaintiff. Accordingly, Plaintiff cannot establish a federal or state claim for malicious prosecution.

Importantly, Plaintiff has not provided evidence of malice, which is also an essential element of both his federal and state law claims of malicious prosecution. Plaintiff has presented no evidence of personal animus, ill will or spite towards him from Defendant Jones. In fact, in response to the City of Grovetown's motion for summary judgment on this point, Plaintiff only states that malice can be inferred from a lack of probable cause. Having now determined that probable cause does exist, Plaintiff loses that one indicia of malice to which he clung. Accordingly, without evidence of malice, the City of Grovetown is entitled to summary judgment on Plaintiff's malicious prosecution claims.

Upon the foregoing, the Court determines and concludes that Defendant City of Grovetown's motion for summary judgment

6

respecting all of Plaintiff's remaining claims (doc. 58) is **GRANTED**. The Clerk is directed to **ENTER JUDGMENT** in favor of the City of Grovetown. The case stands **CLOSED**.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of September, 2019.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA